

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| ANGELO MCBRIDE, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:19-3412-MGL-KDW |
| | § | |
| CITY OF COLUMBIA; and PAMELA | § | |
| BENJAMIN, and MELISSA LINDLER, *in* | § | |
| *their individual capacities*, | § | |
| Defendants. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND DENYING THE INDIVIDUAL DEFENDANTS'
## MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiff Angelo McBride (McBride) filed this lawsuit against his former employer, Defendant City of Columbia (the City). His complaint includes claims brought under the Family Medical Leave Act (FMLA), the Americans with Disabilities Act, the Rehabilitation Act, as well as several state-law-based claims.

McBride also brings a civil conspiracy claim against the two Individual Defendants: Defendant Pamela Benjamin (Benjamin), the Chief of Staff, Human Resources Director for the City, and Melissa Lindler (Lindler), McBride's immediate supervisor. McBride's civil conspiracy claim concerns the alleged mistreatment of him by the Individual Defendants, purportedly in concert with one another.

The Court has federal question jurisdiction over this action in accordance with 28 U.S.C. § 1331, and supplemental jurisdiction over McBride's state claims under 28 U.S.C. § 1367.

The matter is before the Court for consideration of the Magistrate Judge's Report and Recommendation (Report) suggesting the Court deny the Individual Defendants' motion for judgment on the pleadings as to McBride's civil conspiracy claim against them in their individual capacities. The Magistrate Judge submits the Report in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 26, 2020, the Individual Defendants filed their objections on September 9, 2020, and McBride filed his reply to the objections on September 23, 2020. The Court has reviewed the Individual Defendants' objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Before the Court examines the substance of the Individual Defendants' objections, it thinks it necessary to note the somewhat troubling tenor of the Individual Defendants's objections directed toward the Magistrate Judge. Simply put, strident advocacy is acceptable. Discourtesy is not.

In the Individual Defendants' first objection, they argue that, "[i]n recommending that McBride's civil conspiracy claim against Benjamin be allowed to proceed because McBride sued Benjamin individually, the [M]agistrate [J]udge erroneously rejected [1] established precedent and [2] the consensus of secondary authority including her own." Objections at 1-2.

In the Court's review of the record, it appears the Individual Defendants are generally making arguments here that the Magistrate Judge has already considered and rejected. Because the Court agrees with the Magistrate Judge's treatment of those issues, it need not repeat in detail her discussion here. Nevertheless, it will briefly address the two subparts of their first objection.

First, the Individual Defendants maintain that a plaintiff who is an at-will employee is unable to bring a civil conspiracy claim against the one who terminated him when suing the defendant in her individual capacity. They cite a host of precedent in support of this position.

Although this is generally true, there is persuasive authority in this district, which the Individual Defendants failed to cite in their objections, that there are some narrow exceptions to the rule. For instance, in *Reed v. Aiken County*, Civil Action No. C.A. No. 1:09–1744–MBS, 2010 WL 2985805 (D.S.C. July 26, 2010), Judge Seymour held that "the at-will employment doctrine articulated in [South Carolina precedent] does not govern actions by employees based on harm other than termination such as isolation and ostracization." *Id* at *3. The Court agrees with that holding.

As the Magistrate Judge noted in the Report, McBride's complaint includes several allegations of actions by Benjamin, "with communication from Lindler," other than termination:

- Violating City policy by using an investigatory suspension as a disciplinary action;

- Using an investigatory suspension to wrongfully keep [McBride] out of work without pay;

- Providing [McBride] contradicting and false information in order to keep [McBride] out of work; [and]

- Never providing Plaintiff FMLA paperwork and not allowing Plaintiff to submit FMLA paperwork[.]

Report at 8 (citation omitted) (alteration marks omitted). Consequently, the Court will overrule this subpart of the Individual Defendants' first objection.

The other subpart of the Individual Defendants's first objection the Court will discuss is their claim that, in drafting this Report, the Magistrate Judge failed to follow her own reasoning in another recommendation, *Brailsford v. Wateree Cmty. Action, Inc.*, 135 F. Supp. 3d 433 (D.S.C. 2015). In *Brailsford*, the Magistrate Judge suggested, as is relevant here, that the civil-conspiracy claim against the individual defendants based on the plaintiff's termination should be dismissed. *Id*. at 450.

But again, McBride's Complaint includes several allegations of actions by Benjamin, "with communication from Lindler," besides just termination. So, the Individual Defendants are mistaken. The Magistrate Judge did not ignore her recommendation in *Brailsford*. Accordingly, the Court will also overrule this portion of the first objection.

In the Individual Defendants's second objections, they contend "[t]he [M]agistrate [J]udge erred in determining that McBride has sufficiently alleged a civil conspiracy claim as to Lindler." Objections at 10. According to them, "McBride's allegations against Lindler fail to assert a valid conspiracy claim . . . and the Magistrate Judge erred in finding otherwise." *Id*. at 12.

As the Magistrate Judge aptly observed in the Report, however,

> [i]t is far from a given whether [McBride] will be able to provide evidence (at the summary-judgment stage or beyond) as to specific, independent acts taken by both [the Individual Defendants] in their individual capacities that support the pleaded civil-conspiracy claim. At this juncture, though, the undersigned is of the opinion that [McBride] adequately pleaded such a claim against both of the Individual Defendants.

Report at 10. Inasmuch as the Court agrees with the Magistrate Judge, it will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules the Individual Defendants's objections, adopts the Report, and incorporates it herein.  Accordingly, it is the judgment of this Court the Individual Defendants' motion for judgment on the pleadings is **DENIED**.

**IT IS SO ORDERED**.

Signed this 20th day of January, 2021, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE